UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE

### UNITED STATES' MOTION FOR IMMEDIATE STATUS HEARING, TRIAL DATE CERTAIN, AND NOTICE REGARDING SPEEDY TRIAL

Pursuant to 18 U.S.C. § 3161(a), the *Pretrial Discovery Order and Notice of Trial and Status Conference* (the "Pretrial Discovery Order"), Doc. 27, and this Court's Endorsed Order of April 16, 2024, the United States hereby files this motion requesting that this Court schedule an immediate status hearing and set this case for a date certain to assure a speedy trial. The United States submits the following in support:

I.   **Relevant Procedural Background**

On February 15, 2024, a federal grand jury sitting in the Middle District of Florida returned a fourteen-count indictment against defendant Timothy Burke, charging him in Count One with engaging in a conspiracy from in or around February 2022, and continuing through May 2023, in violation of 18 U.S.C. § 371; in Counts Two through Seven with intentionally accessing a protected computer without authorization, in violation of 18 U.S.C. § 1030(a)(2)(C); in Counts Eight through Twelve with intentional interception of a wire, oral, or electronic

communication, in violation of 18 U.S.C. § 2511(1)(a); and in Counts Thirteen and Fourteen with intentionally disclosing an illegally intercepted wire, oral, or electronic communication, in violation of 18 U.S.C. § 2511(1)(c). Doc. 1. The indictment also includes forfeiture allegations that list 20 items subject to forfeiture that were seized from Burke's residence on May 8, 2023. *Id*.

Burke was arrested and had his initial appearance on February 22, 2024. Doc. 9. Burke was represented at that hearing by attorney Michael Maddux, who made only a limited appearance. *Id*. At the conclusion of the hearing, Mr. Maddux requested that the arraignment in the case be continued until his representation of Burke in the case could be resolved. *Id*. This Court then scheduled an arraignment for March 5, 2024, which was rescheduled shortly thereafter to March 11, 2024. Docs. 13 and 14. On March 11, the Court held a short arraignment hearing, during which Mr. Maddux advised that Burke may not be able to hire private counsel and again requested that the arraignment be continued to allow Burke to get his affairs in order and to determine whether he could hire Mr. Maddux or court-appointed counsel would be necessary. Docs. 15-17. Mr. Maddux's request to continue the arraignment was granted and the Court continued the arraignment to April 2, 2024. Doc. 19. On April 1, 2024, Mr. Maddux filed a Notice of Appearance and Waiver of Defendant's Presence at Arraignment, and consented therein to the entry of a plea of not guilty by Burke. Doc. 24.

This Court entered its Pretrial Discovery Order on April 2, 2024, regulating the discovery proceedings in this case. Doc. 27. The Pretrial Discovery Order also

scheduled the case for trial the weeks beginning June 3, 2024, and set a status conference for May 14, 2024. *Id.* Two days later, counsel for Burke filed a Notice of Request for Discovery, notifying the Court and the United States that Burke intended to participate in all discovery permitted under the Federal Rules of Criminal Procedure, and specifically requested the production of Rule 16 disclosures enumerated in the Pretrial Discovery Order. Doc. 28. On April 12, 2024, the United States hosted the Burke defense team at the Tampa United States Attorney's Office for a Rule 16.1 Pretrial Discovery Conference. During that in-person conference, the United States identified and generally described the broad categories of discoverable items, data, and information that potentially could be deemed material to the preparation of the defense or that were obtained from or belonged to defendant Burke or are intended for use by the United States in its case-in-chief, as defined in Rule 16(a)(1)(E). The United States elaborated that the available discoverable material is voluminous, exceeding more than approximately 50 terabytes, and is composed of all manner of documents, electronic worksheets, data (personal, financial, and business related), communications, images, and video streams.

On April 15, 2024, the defense filed an *Unopposed Motion to Extend Time to File Pretrial Motions Until June 16, 2024*. Doc. 29. Therein, counsel for Burke described the pending charges and counsel's need for the additional period to file pretrial motions concerning the indictment or a bill of particulars, specifically explaining, in part, that: (1) the parties had recently met to explore how the defense could obtain the discovery from the United States, including a mirror image of drives containing over

3

10 terabytes of data; (2) the United States was in the process of its initial discovery production, which would contain subpoenaed data from Mr. Burke's accounts and other third parties; and (3) the need for computer forensic examination by the defense of the mirrored drives once obtained. *Id.* at 5-6.

That defense motion for an extension of time to file pretrial motions was granted via an Endorsed Order on April 16, 2024. Doc. 30. Said Endorsed Order also stated that if either party wished to continue the trial term or status conference (then scheduled for May 14, 2024), counsel should file a motion. *Id*. The undersigned attempted to explore scheduling issues with Mr. Maddux but was unable to do so.[1] On April 24, 2024, attorney Mark D. Rasch moved the Court for admission to appear in this case on behalf of Burke as co-counsel. That motion was granted on April 30, 2024. Doc. 32. Six days later, the United States filed the *United States Motion for Entry of Protective Order and Incorporated Memorandum in Support*, requesting that this Court enter a protective order limiting the dissemination of certain Rule 16 discoverable materials, namely materials that contain personally identifying information, intellectual property of others, and/or contraband. Doc. 33. That motion is pending.

## II. Speedy Trial

18 U.S.C. § 3161(c) mandates, in pertinent part, that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment

---

[1] Mr. Maddux was apparently preparing for trial in another case.

4

with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Specifically excluded in computing the time within which a trial must commence is delay resulting from any pretrial motion, "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(D).

Here, the undersigned calculates that approximately 64 speedy-trial days have passed, meaning that absent no further pretrial motions or other enumerated periods of delay under the Speedy Trial Act, trial in this case must commence within six days following the disposition of the United States' pending motion for protective order and this motion. That calculation is as follows:

| Date | Event | Speedy Trial Days Excluded |
|---|---|---|
| 2-22-24 | Initial Appearance | N/A |
| 3-11-24 | Defense motion to continue arraignment; granted the same day. | 1 |
| 4-15-24 | Defense motion to extend deadline to file pretrial motions; granted 4-16-24. | 2 |
| 4-24-24 | Defense motion for counsel to appear pro hac vice; granted 4-30-24. | 7 |
| 5-6-24 | United States motion for protective order; pending. | 3 |

The undersigned has consulted with counsel for Burke, Michael Maddux, who does not object to that aspect of this motion requesting an immediate hearing but reserves the defense position as to other issues raised.

5

WHEREFORE, the United States hereby requests that this Court schedule an immediate hearing and set this case for a date certain to assure a speedy trial.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa St., Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Email: jay.trezevant@usdoj.gov

U.S. v. TIMOTHY BURKE        CASE NO. 8:24-cr-00068-KKM-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for the Defendant.

/s/Jay G. Trezevant
Jay G. Trezevant
Assistant United States Attorney