UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| UNITED STATES OF AMERICA | Case No. 8:24-cr-68-KKM-TGW |
|---|---|
| v. | |
| TIMOTHY BURKE | |

# DEFENDANT TIMOTHY BURKE'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

Comes Now, Defendant TIMOTHY BURKE, by and through the undersigned counsel and respectfully Opposes the Government's Motion for a Protective Order (Doc. 33) limiting the use by Defendant and Counsel of information provided in discovery beyond the protections of Rule 49.1, Rule 16, and Local Rule 3:11. In particular, we oppose the government's request to be able to unilaterally and in bulk fashion designate information as "personal" "private" "trade secret" or "otherwise" without judicial review or intervention, and based solely on their designation thereby restricting the use of this information by the defense. Additionally, the government wishes to designate substantial volumes of Mr. Burke's own journalistic work

product as "contraband" and prevent the journalist from reporting this information.[1] In support whereof, Defendant states as follows:

1. The government seeks a protective order limiting the use and/or disclosure of broad swaths of information provided by the government in discovery.[2] Much of this information is information Mr. Burke, as a journalist, has collected over decades of reporting, which was seized from him and has been returned in various chunks but not completely. The protective order seeks to restrict what the reporter can publish.

2. In the ordinary case, the government provides the defendant with "Discovery" of information that the government has collected in the course of its investigation, pursuant to F.R. Crim. P. 16, 28 USC 3500, *Giglio v. United States*, *Brady v. Maryland*, and the due process, fair trial and related clauses of the U.S. Constitution. Except for information covered by the Classified Information Procedures Act (CIPA), or information concerning the identity of confidential government informants under *Rovario v. United States,* the law presumes no restrictions on the

---

[1] The contraband issue will be addressed in a separate pleading as it raises substantial issues related to the government's prior restraint on First Amendment protected activities.

[2] "Blanket protective orders tend to be overinclusive and may cover documents that a party would have been required to disclose without a protective order." *United States v. Calderon*, No. 15 Cr. 25, 2017 WL 6453344, at *2 (D. Conn. Dec. 1, 2017)

use of materials provided in discovery. The defendant and counsel are free to use discovery materials to defend against the charges, and to prepare for trial.

3. Mr. Burke and his counsel obviously do not intend to use any information obtained in discovery improperly. But, the government's Motion fails to identify any specific information for which they are seeking enhanced protection. If the government identifies specific documents, or with respect to intimate personal information, specific lines or items of information, the disclosure of which would likely cause harm to specific individuals, it may be appropriate, after consultation and/or after an adversarial hearing where necessary, for the Court to restrict the use of this specific information, provided that the restrictions to not impinge the defendant's rights of due process, fair trial, confrontation and compulsory process. In fact, this balance has generally been established by Rule 49.1 itself, which mandates redaction of specific information in filings. We note that these restrictions should not and do not apply to the use of information at trial (direct and/or cross examination) which relates simply to issues of relevance, privilege, and undue prejudice which should only be determined when ripe.

4. In the absence of identifying any specific information, without the government proffering specific documents or elements, the defendant objects to the government's proposal to unilaterally and in bulk fashion decide what materials must be restricted.

5. Moreover, the government's proposal noted in fn 20 that it can submit in camera *ex parte* submissions to justify the restrictions on discovery are -- to say the least -- troubling, especially since the information in this case is all outside the realm of confidential government informants or classified information, neither of which apply here. The defense must have the opportunity to be informed of all the specific items or information the government seeks to restrict, and to be heard on whether the government can justify its claim that broader restriction is necessary. Adequate protection for this review can be satisfied by requiring that this preliminary showing be made *in camera,* but <u>not</u> *ex parte*.

6. We object to the government being able to designate information in its hands a "trade secret" and restrict its dissemination or use. If the government (or the trade secret owner) can establish that particular information has all of the legal elements of a trade secret (including that the possession of the information by the government is not a waiver of the trade secret,) then the court should, in an adversarial hearing, make a case by case (or line by line) determination concerning the use of that information. The government will not only have to present evidence that the information is a trade secret entitled to protection, but also that the restrictions are necessary to protect that specific trade secret, and that they do not unnecessarily impinge the defendant's constitutional rights to defend against these charges.

7. The government is generally asserting that there is something unique about this case that warrants substantial departure from the general rules of discovery. Put simply, there is not. There is, and has been <u>altogether too much unnecessary government secrecy in this case thus far</u> where the affidavit in support of the search warrant was sealed for nearly a year on the ground that it reveals the names of witnesses and victims, when the affidavit actually contains no such information; with the government refusing to provide the "filter team" instructions or protocols, or even the identity or composition of the filter team; with the government refusing to provide any support for its multiple claims that the seizure of the newsroom was "reasonable" because they "complied with" the DOJ Press Policy requiring approval for searches of journalists and seizure of journalistic materials; and, with the Indictment itself inexplicably concealing the names of persons and entities like Fox News, Tucker Carlson, Kanye West and others who are public figures and are the subjects or alleged "victims" of the alleged criminal activity charged.

8. Federal Rule of Criminal Procedure 16(d)(1), "Protective and Modifying Orders," provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Here, a specific inquiry should be made by the Court regarding the matters covered by the protection request verses a blanket application of protection. Premature issuance of a protective order would necessitate the need for subsequent

modification and assessment of a variety of issues that can be avoided with preliminary inquiry under the good cause standard.³ The government seized materials far outside the realm contemplated by the limited probable cause asserted in the search warrant affidavit and has had ample time to identify the items it seeks to protect. In the end, good cause based on the government's claims in its motion requires the types of showing outlined in paragraph 6 of this motion.

9. Mr. Burke further objects to the Protective Order to the extent that it goes beyond the requirements of Fed. R. Crim. P. 49.1. That rule already provides a requirement for redaction of certain personal information in filings made with the Court, and it provides exemptions to those redaction requirements. Mr. Burke and his counsel will, of course, comply with this rule. Additionally, Local Rule 3:11 restricts the disclosure of certain information to the public. These rules all reflect

---

³ Courts asked to modify protective orders under Rule 16(d)(1) of the Federal Rules of Criminal Procedure¹ consider "[(]1) the nature of the protective order[;] (2) the foreseeability, at the time of issuance of the order, of the modification requested[;] (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (citing *Peoples v. Aldine Indep. Sch. Dist.,* No. CIV. A. 06–2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008)) (affirming order denying criminal defendant's post-conviction motion to modify protective order covering discovery materials produced by certain victims and third parties during the prosecution).

United States v. Londono, No. 10-20763-1-CR, 2019 WL 11216999, at *2 (S.D. Fla. Aug. 28, 2019)

the considered judgment of Congress and the Supreme Court, as well as of this Court, regarding the general rules of secrecy and disclosure in the Courts of the United States generally and in those in this District in particular.

10. So summarize, while existing rules already protect certain "personal information" the government does not describe what "confidential" information it seeks to protect. Before this Court can rule on the government's request for a Protective Order as to "confidential" information and "trade secrets," the government must first be directed to specify what information it seeks to protect, and must present a showing that the Protective Order is supported by good cause not just a government penchant for secrecy in this matter.

11. Wherefore, Mr. Burke requests that this honorable Court deny the issuance of a protective order or alternatively set a hearing on the merits as to all information sought to be protected, the means of protection, and the alleged good cause.

Respectfully submitted,

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted *Pro hac vice*


ATTORNEYS FOR TIMOTHY BURKE

## **CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2024**, a true and correct copy of the foregoing document is being electronically filed and will be furnished via CM/ECF to: Jay Trezevant, Esq. U.S. Attorney's Office Middle District of Florida Tampa Division 400 North Tampa Street Suite 3200 Tampa, FL 33602 at jay.trezevant@usdoj.gov.


*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553