UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 8:24-cr-68-KKM-TGU |
| v. | |
| TIMOTHY BURKE | |

**DEFENDANT TIMOTHY BURKE'S MOTION FOR LEAVE
TO FILE A SECOND RESPONSE AND
EXCEED PAGE LIMITATION IN RESPONSE
TO THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

Comes Now, Defendant TIMOTHY BURKE, by and through the undersigned counsel pursuant to Local Rule 3.01(b) and (c) and respectfully moves this Court for an Order permitting the filing of two substantive responses to the Government's Motion for Protective Order (Doc. 33, 5/6/24). On May 29, 2024, the Court rejected as both untimely and overlong Mr. Burke's second objection to the protective order (Doc 46). In support, Mr. Burke states as follows:

The government's request for a protective order relates to two distinct classes of information, which raise distinct and highly substantive issues which should be addressed separately by the Court. The first addresses the government's ability to unilaterally designate materials it provides pursuant to

Rule 16 (including materials it has generated and provides on discovery) as "personal" or "private" or "trade secrets." Mr. Burke objected to this procedure. (Doc 39, 5/13/24). The second class of discovery materials proposed to be governed by the protective order includes Mr. Burke's own reporting materials, his notes, downloaded materials, and other reportage, for which the proposed protective order raises significant and novel questions of prior restraint on publication. Mr. Burke objected to this "injunction against publication" separately on May 28, 2024, (Doc. 44). The Magistrate Judge found this second objection both untimely under Local Rule 3.01(c) and overlength under Local Rule 3.01(a).(Doc. 46, 5/29/24) [1]

Because the two responses raise different issues, related to different aspects of discovery, on different legal basis, and different constitutional claims, Mr. Burke seeks leave of the Court to file two responses. However, we recognize that the government has not had an opportunity to effectively respond to the second response and the Court will not have had time to consider it.

Alternatively, the Defendant may file an affirmative motion, pursuant to F. R. Crim. P. 41(g) for return of the same materials the government seeks to produce

---

[1] In the event the Court does not grant this motion for leave to file the second objection as itself exceeding 20 pages, Mr. Burke has prepared a version of the second objection which is fewer than twenty pages.

2

to the defendant in discovery under F. R. Crim. P. 16, but without the unconstitutional prior restraint on publication.

<u>For purposes of conferral, the government through the assigned assistant United States attorney objects to the relief sought in this motion.</u>

MEMORANDUM OF LAW

In the case at bar, there is good cause for the Court to consider the two objections to the government's Motion for a Protective order separately, and to grant leave to enlarge the page limit to accommodate the two separate arguments. The Court has the authority to exercise discretion to allow issues to be briefed and addressed beyond the scope of traditional limitations. *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, No. 97-721CIVT17A, 1999 WL 33590589, at *21 (M.D. Fla. Apr. 15, 1999)(permitting filing of memoranda that exceed page limit).*Grant v. Rotolante*, No. 6:13-CV-168-ORL-TBS, 2013 WL 2155076, at *4 (M.D. Fla. May 17, 2013) noting that "Local Rule 1.01(c) provides that the Court "may suspend application and enforcement" of the Local Rules "in the interests of justice...." *United States v. Harling*, No. 2:13-CR-96-FTM-38CM, 2014 WL 2805272, at *1 (M.D. Fla. June 20, 2014)"the Court will grant Defendant's Motion to Exceed and will accept Defendant's previously filed Objection"; *D'Aprile v. Unum Life Ins. Co. of Am.*, No. 2:09-CV-270, 2010 WL 5209268, at *1 (M.D. Fla. Dec. 16, 2010) ("While the Defendant exceeded the page limit imposed by the Local Rules, the

Defendant did file a Motion, albeit after the fact, seeking the Court's leave to enlarge the page limit. After a review of the Parties memoranda of law, the Court finds good cause to grant the increased page limit.")

Alternatively, the Court could defer addressing prior restraint issues until Defendant files an affirmative motion, pursuant to F. R. Crim. P. 41(g) for return of the same materials the government seeks to produce to the defendant in discovery under F. R. Crim. P. 16, but without the unconstitutional prior restraint on publication. In either event, it is the Defendant's position that any restraint on his publication of his own reporting materials is unconstitutional.

Respectfully submitted,

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted *Pro hac vice*

COUNSEL FOR TIMOTHY BURKE

Case 8:24-cr-00068-KKM-TGW   Document 47   Filed 05/29/24   Page 5 of 5 PageID 395

## CERTIFICATE OF SERVICE

I hereby certify that on **May 29, 2024**, a true and correct copy of the foregoing document is being electronically filed and will be furnished via CM/ECF to: Jay Trezevant, Esq. U.S. Attorney's Office Middle District of Florida Tampa Division 400 North Tampa Street Suite 3200 Tampa, FL 33602 at jay.trezevant@usdoj.gov.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553