UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
Plaintiff

V.

Case No. 8:24-CR-68-KKM-TGU

TIMOTHY BURKE
Defendant

**DEFENDANT'S MOTION FOR PRETRIAL**
**NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

Defendant Timothy Burke, by and through his undersigned counsel, respectfully moves this Honorable Court for an Order directing the government to provide notice of any evidence it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).[1] In support of this motion, Defendant states as follows:

The indictment charges Defendant Timothy Burke with several discrete instances of alleged "unauthorized access" into computers and "interception" of communications. Specifically, the offenses charged include downloading information without permission under 18 USC 1030(a)(2)(C) and acquiring the contents of communications without permission under 18

---

[1] At this juncture we only seek notice of the government's intent to introduce such evidence, and the basis for its alleged relevance. We reserve the right to object to its introduction at the appropriate time.

1

USC 2511(1)(a) and "disclosing" the contents of allegedly improperly acquired communications under 18 USC 2511(1)(c). As this is a conspiracy case under 18 USC 371, there is a substantial risk that the government may seek to introduce evidence *unrelated to the specific charges in the indictment* pursuant to F.R. Evid. 404(b), as "other crimes or wrongs."

I. **Rule 404(b)**

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the government gives notice.

To adequately prepare for trial and to ensure that Defendant's right to a fair trial is protected, it is essential that the defense receive notice of any such evidence the government intends to introduce. Without such notice, Defendant is unable to effectively challenge the admissibility of such evidence or prepare a defense against it. Prior notice is also necessary to allow the defense to review the extensive discovery material and determine what is likely to be relevant and admissible at trial.

II. **Nature of the Offenses**

The offenses charged involve the alleged acts of a journalist "downloading information without permission" [2] and "acquiring the contents of communications without permission" under 18 USC 1030(a)(2)(C) and 18 USC 2511. Pursuant to a warrant to seize evidence of such acts, the government seized more than 100 Tb of data - amounting to tens of millions of pages of records. Presumably, the evidence seized "related to" these offenses, or were the "fruits or instrumentalities" of these offenses. The indictment itself specifies only a few discrete instances of "unauthorized downloads." However, the government may seek to introduce evidence, pursuant to Rule 404(b), of unrelated information having been downloaded "without permission," or other reporting based on information Burke allegedly acquired without the specific permission of the data holder.

The problem in assessing the discovery materials provided by the government is that it is neither readily apparent, nor easily discernible, to determine which of the tens of thousands of websites Mr. Burke visited, or thousands of files, documents, websites, videos, music files, photographs, text files or other files he downloaded over the course of decades that the government may now assert were downloaded "without permission" or

---

[2] The actual offense is accessing a protected computer without authorization and obtaining information. 18 USC 1030(a)(2)(C).

websites visited "without authorization."  This is particularly true where, as here, the Indictment asserts that it is a violation of the hacking statute to use a shared password, a publicly disclosed credential, or to access websites containing streaming content that is publicly accessible, if the knowledge of those websites location was found "improperly."  The government may similarly seek to introduce evidence, under Rule 404(b), that Burke "exceeded the scope of his authorization" to download and use information, or that he improperly "disclosed the contents"  of a communication improperly when, for example he published live video feeds of broadcast TV interviews which he then edited and published - like his award-winning broadcasts related to Sinclair broadcasting.[3]  The

---

[3] See, e.g.,https://www.youtube.com/watch?v=_fHfgU8oMSo&ab_channel=Deadspin Accord,  Paul Farhi, As Sinclair's sound-alike anchors draw criticism for 'fake news' promos, Trump praises broadcaster, The Washington Post, Style Section, April 2, 2018 available at: https://www.washingtonpost.com/lifestyle/style/as-sinclairs-sound-alike-anchors-draw-criticism-for-fake-news-promos-trump-praises-broadcaster/2018/04/02/a1be67e8-367a-11e8-9c0a-85d477d9a226_story.html noting:

> Tim Burke had a simple idea: Take clips of dozens of TV news anchors all spouting the same lines and mash them up into one video. The idea, he said, was to expose how one company, Sinclair Broadcast Group, had turned its many local newscasts into a national megaphone for its corporate views.
>
> So Burke, the video director at Deadspin, pieced together video of anchors at 45 Sinclair-owned stations across the United States, all reading from a script that the Maryland-based company recently distributed to its stations about the perils of "fake news" and how it is "extremely dangerous to our democracy."
>
> The result was a massively viral video that sparked broad mainstream media attention, incited an angry tweet from President Trump, and prompted a national conversation about the perils of enabling companies such as Sinclair to control an ever-larger number of TV stations.

government may seek to introduce evidence that these broadcasts were, for some reason, not "publicly accessible" and therefore, when they were rebroadcast by comedian John Oliver of "Last Week Tonight"[4] this constituted the unlawful "disclosure" of communications, or the government may assert that Burke's broadcast of multiple live video feeds of an Ohio State/Georgia Tech football game constituted "wiretapping" [5]in violation of the wiretap statute, and is somehow relevant under Rule 404(b). As counsel goes through the volumes of discovery, it is important to focus on what crimes are charged and what evidence may relate to what the government may contend are other "bad acts" - acts we contend are acts of journalism.

If the evidence is limited to the actual charges in the Indictment - alleged unauthorized access to LiveU.tv, downloading of Fox News live feeds, and publication of those feeds, as well as accessing and downloading files from the NBA FTP site, and, on the conspiracy count, the Twitter (now X) chats between Burke and the person now disclosed to be Gaudino, this would not constitute 404(b) evidence.

---

[4] See, e.g., https://www.youtube.com/watch?v=GvtNyOzGogc&ab_channel=LastWeekTonight at 8:26.
[5] See, https://www.youtube.com/watch?v=P9gD3n16wVo&ab_channel=CoachSchumanSportsandEntertainment

### III. The Defendant Cannot Prepare for Trial Or Review Discovery Without Notice of the Nature of the Alleged Crimes The Government Intends to Introduce

Given the scope of the charges, there is no feasible way to examine the hundreds of thousands of websites visited and the hundreds of thousands of pages of information downloaded to determine which information the government may assert was obtained "without permission" or which websites were accessed with credentials the government may assert were used "without authority." All we can see is a record that someone visited a website, or viewed information. Additionally, the defendant has archived tens of thousands of live video feeds on his hard drives. It is impossible to determine which, if any, of these live feeds the government may contend at trial were obtained "without permission" or "without express permission."

Thus, the defendant cannot prepare for trial without notice of whether the government intends to offer evidence, as "other crimes or wrongs" under Rule 404(b), of evidence related to any entities other than the download of communications of Fox News Corporation (not specifically named in the indictment) through a computer at LiveU.tv (also not named in the indictment), or files downloaded from the public FTP server of the National Basketball Association (similarly not named in the indictment). Notice of 404(b) evidence—and the justification for its

introduction—is essential now to focus the discovery review and preparation for trial.

The Eleventh Circuit has emphasized the need for focused discovery to avoid overwhelming the defendant with a "data dump" and to ensure that the charges are clearly defined before trial. In *United States v. Jordan,* 316 F.3d 1215, 1250 (11th Cir. 2003), the court noted that Rule 16 of the Federal Rules of Criminal Procedure is designed to provide the defendant with a reasonable opportunity to prepare for trial and to avoid unnecessary surprise. The court also emphasized that the government must provide <u>specific</u> information about the nature and purpose of 404(b) evidence before trial, as articulated in *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994), and *United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir. 2000). The Eleventh Circuit has consistently held that the notice requirement of Rule 404(b) is designed to reduce surprise and promote early resolution of admissibility issues. See *United States v. Carrasco*, 381 F. 3d 1237, 1240-41 (11th Cir., 2004). The Rule requires that the government provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b).

In *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006), the court reiterated that evidence of other crimes, wrongs, or acts must be

relevant to an issue other than the defendant's character and must pass the Rule 403 balancing test. The requirement for timely notice ensures that the defense can adequately prepare and avoid surprise and unnecessary delays during the trial.

These risks are exacerbated by the fact that the government has also charged that Mr. Burke and a Mr. Gaudino (a person unknown to Burke) conspired to obtain information for publication to the public by obtaining credentials published online to gain access to websites that contained this information. As the Eleventh Circuit most recently noted in *United States v. Lewis*, Dkt. No. 22-12938, (July 10, 2024)(unpublished):

> "[c]riminal acts by a co-conspirator, if committed as part of or in furtherance of the general conspiracy, are not `other act' evidence and are properly admissible to demonstrate the scope of the conspiracy." *United States v. Collins*, 779 F.2d 1520, 1532 (11th Cir. 1986). "Such intrinsic evidence may be excluded nonetheless if its probative value `is substantially outweighed by the danger of unfair prejudice.'" *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992) (citing Fed. R. Evid. 403).

Given the nature of the conspiracy - an agreement between a journalist and a source to find and report on newsworthy information -- it will be important to distinguish which acts of reporting the government contends are in furtherance of the alleged conspiracy, and which ones the government contends are evidence of "other crimes or wrongs."

Accordingly, Defendant respectfully requests that this Court enter an Order directing the government to provide notice of any evidence it intends to introduce at trial pursuant to Rule 404(b). This notice should include a description of the general nature of the evidence, where it was located, the purpose for which the government intends to offer the evidence, and an explanation of how it is relevant to an issue other than the Defendant's character. This advance notice is necessary to enable the defense to conduct a thorough review of the extensive discovery materials and prepare for trial without undue delay.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant this motion and order the government to provide the requested notice pursuant to Federal Rule of Evidence 404(b).

Respectfully submitted,

s/ Michael P. Maddux
Michael P. Maddux, Esq.
Florida Bar No. 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553
Email: mpmlaw@madduxattorneys.com

s/ Mark D. Rasch
Mark D. Rasch, Esq.
Law Office of Mark Rasch

Admitted Pro Hac Vice
Email: MDRasch@gmail.com
Phone: (301) 547-6925

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>s/ Michael P. Maddux</u>
Michael P. Maddux, Esq.