# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 8:24-cr-68-KKM-TGU |
| v. | |
| **TIMOTHY BURKE** | |

### DEFENDANT TIMOTHY BURKE'S UNOPPOSED MOTION TO PERMIT DEFENSE COUNSEL MARK RASCH TO APPEAR REMOTELY BY VIDEO CONFERENCE FOR APRIL 11, 2025 HEARING

Defendant Timothy Burke, by and through undersigned counsel, respectfully moves this Honorable Court for an order permitting Mark Rasch, Esq., who has been assisting in the defense of this matter, to appear remotely via Zoom for the hearing presently scheduled for 11:00 a.m. on April 11, 2025. In support of this request, the Defendant states as follows:

The Court previously scheduled a hearing in this matter for a different date. Subsequently, the Court re-set the hearing for April 11, 2025, at 11:00 a.m., in the Tampa Division of the United States District Court for the Middle District of Florida.

Mr. Rasch, although admitted in this District *pro hac vice*, is an attorney who has been materially assisting in the preparation of the defense in this case, including with respect to the issues concerning the scope of the government's

search and seizure of Mr. Burke's communications and newsroom materials. Mr. Rasch maintains his office and resides in Bethesda, Maryland.

Permitting Mr. Rasch to appear remotely would significantly reduce the financial strain on the defense, thereby promoting fairness and efficiency in these proceedings.

Mr. Rasch's participation in this hearing may be of particular assistance to the Court, as he has substantial familiarity with the technical, legal, and constitutional issues implicated in the pending motions, including issues concerning the scope of the government's search warrants, the protocols concerning privilege review and taint teams, and the First and Fourth Amendment implications of the searches conducted in this matter.

Undersigned counsel has conferred with counsel for the United States regarding this motion. The government has indicated that it has no objection to the relief requested herein.

While there is no specific local rule governing remote appearances of counsel, this Court retains inherent authority to manage its docket efficiently and to allow for remote participation where appropriate. See Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."). *See United States v. Reynolds*, 23 F.4th 1130, 1134 (11th Cir. 2022) (affirming trial court's broad discretion in managing courtroom

proceedings, observing that "[d]istrict courts possess inherent authority to manage their dockets and courtroom procedures."). Further, this discretion is recognized explicitly in the Middle District of Florida's administrative orders encouraging the use of remote technology where appropriate to promote efficiency and reduce unnecessary costs. See In re: Court Operations Under the Exigent Circumstances Created by COVID-19, Administrative Order No. 6:20-mc-10 (M.D. Fla. Mar. 17, 2020), and successive orders extending and normalizing the availability of video conference participation for hearings not requiring live testimony.

District courts within the Eleventh Circuit have consistently recognized this authority. See, e.g., *United States v. Rodriguez*, 75 F. 4th 1231, 1238 (11th Cir., 2023)("The sentencing hearing was conducted remotely using the Zoom videoconferencing platform, with Rodriguez, defense counsel, the prosecutor, and the district judge in different physical locations."); *Sain on behalf of VRS v. Sain,* 548 F. Supp. 3d 1181, 1183 ( MD Fl., 2021)("Ms. Sain testified from England through Zoom"); *Knepfle v. J&P Cycles, LLC.,* Case No. 8:18-cv-543-T-KKM-CPT (MD Fl., 2021)("Lloyd performed a demonstration via Zoom for Knepfle's counsel…"); *Melvin v. United States*, Case No. 5:22-cv-393-GAP-PRL. (MD Fl., 2024)(Lammens, M.J.)("the Court noticed the hearing for January 12, 2024, at 10:00 a.m. via Zoom Video Conference. (Doc. 31); *United States v. Quinones*, Case No. 8:20-cr-138-CEH-

JSS. (MD Fl, 2021)("proceedings will take place at 2:00 p.m. via Zoom videoconference on Monday"). It does not appear that the Court or the government will be prejudiced if this motion is granted.

For the foregoing reasons, Defendant respectfully requests that this Court enter an order permitting Mr. Mark Rasch to appear by video conference via Zoom for the April 11, 2025, hearing in this matter and provide the necessary link.

Dated: April 10, 2025

Respectfully submitted,

| | |
|---|---|
| s/Michael P. Maddux | s/Mark D. Rasch |
| Michael P. Maddux, Esquire | Mark D. Rasch |
| Florida Bar # 964212 | Law Office of Mark Rasch |
| Michael P. Maddux, P.A. | Member, MD, MA, NY Bar |
| 2102 West Cleveland Street | MDRasch@gmail.com |
| Tampa, Florida 32606 | (301) 547-6925 |
| Phone: (813) 253-3363 | Admitted *Pro hac vice* |
| Fax: (813) 253-2553 | Co-Counsel for Defendant |
| Counsel for Defendant | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **10th day of April, 2025**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

s/*Michael P. Maddux*
Michael P. Maddux, Esquire
