# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                             Case No: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE,

    Defendant.
_____

## ORDER

    A grand jury indicted Defendant Timothy Burke for violating the Computer Fraud and Abuse Act (CFAA), 18 U.S.C § 1030, and the Wiretap Act, 18 U.S.C. § 2511, and conspiring to do the same. Section 2511 is the only statute of concern here. The United States charges Burke with intentionally intercepting oral, wire, and electronic communications and then intentionally disclosing some of the communications to the public. 18 U.S.C. § 2511(1)(a), (c). In laymen's terms, the government alleges that Burke hacked into a network, downloaded videos (including their audio component), and posted some of them online. Although the indictment charges that Burke intercepted all three forms of communications, the government's theory is that these videos contained both electronic and wire communications, but

not oral communications. For his part, Burke contends that he is a journalist who uncovered access to this network through publicly available means and exercised his First Amendment right to disseminate the materials. According to Burke, the Wiretap Act unconstitutionally infringes First Amendment protected activity and these counts must be dismissed.

The Wiretap Act penalizes any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). The Wiretap Act similarly punishes any intentional disclosure of "the contents" of these kinds of communications if a person knows the information was obtained through an unlawful interception. *Id.* § 2511(1)(c). Section 2511 includes several exceptions, exempting some conduct from its otherwise broad sweep. One such exception allows a private person "to intercept a wire, oral, or electronic communication . . . where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception." *Id.* § 2511(2)(d). Another exception allows for the interception of an "electronic communication made through an electronic communication system that is configured so that such

electronic communication is readily accessible to the general public." *Id.* § 2511(2)(g)(i).

To "intercept" means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4). A "wire communication" is any "aural transfer"—that is, "a transfer containing the human voice"—made using a wire or cable. *Id.* § 2510(1), (18). An "electronic communication" is any transfer "of signs, signals, writing, images, sounds, data, or intelligence of any nature" made "in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system," except that it does not include wire or oral communications. *Id.* § 2510(12).

In an earlier round of briefing, Burke and the government disagreed as to whether the exceptions for "consent" and "readily accessible" were elements of the offense of intentional interception or defenses to those charges. As a matter of statutory text and structure and in the light of binding precedent, *see United States v. McCann*, 465 F.2d 147 (5th Cir. 1972),[1] I concluded that the exceptions were defenses rather than elements, *see* (Doc. 110).

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Burke, now on his third motion to dismiss, argues that this reading of the Wiretap Act's exceptions, combined with the government's interpretation of "wire communication," permits an unconstitutional prosecution, primarily violating the Free Speech Clause of the First Amendment. *See* (Doc. 125). Burke's arguments raise novel questions with potential wide-reaching impact. In return, the government's arguments at a previous hearing implicate technical questions about how the Wiretap Act applies to this case and much of modern technology, particularly whether a video containing the human voice transmitted over the internet constitutes a "wire" communication, an "electronic" communication, or both.

To help resolve Burke's third motion to dismiss the Wiretap Act counts, (Doc. 125), the Court invites amicus curiae to submit briefing, not to exceed 25 pages each, on any of the questions below:

(1) Whether a video that includes both a human voice and visual data transmitted over the internet is an electronic communication, a wire communication, or both, as defined by 18 U.S.C. § 2510.

(2) Whether 18 U.S.C. § 2511(1)(a) prohibits a person watching a video on an internet streaming platform or visiting a public-facing webpage, without considering any of the statutory exceptions. If so, whether this interception would be deemed lawful by an exception in 18 U.S.C. § 2511, including whether such a viewer would have consent or would be a "party to the communication," *id.* § 2511(2)(d). If not, why not.

4

(3) Whether, to avoid the chilling of protected activity, the Free Speech Clause of the First Amendment requires the government, in some cases, to allege in the indictment and to negate at trial a statutory exception to a criminal offense. Specifically, whether the Free Speech Clause requires the government to negate the "readily accessible" statutory exception for electronic communications, 18 U.S.C. § 2511(2)(g)(i), when prosecuting an intentional interception of an electronic communication, *id.* § 2511(1)(a), and the statutory exceptions for "consent" and "a party to the communication," *id.* § 2511(2)(d), when prosecuting an intentional interception of an electronic or wire communication, *id.* § 2511(1)(a).

Amicus briefs are due no later than **June 27, 2025**.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge