UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO. 8:24-cr-68-KKW-TGW

TIMOTHY BURKE

**UNITED STATES'** *UNOPPOSED* **MOTION FOR 10 ADDITIONAL PAGES AND FOR AN ADDITIONAL ONE-WEEK EXTENSION OF TIME TO RESPOND TO BURKE'S THIRD MOTION TO DISMISS**

The United States of America, pursuant to FED. R. CRIM. P. 45(b) and Rule 3.01, Middle District of Florida Local Rules, files this *unopposed* motion requesting 10 additional pages and one additional week, or through June 23, 2025, to respond to *Defendant's Replacement Memorandum of Law in Support of Motion to Dismiss Counts 8, 9, 10, 11, 12, 13, and 14* ("Burke's Third Motion to Dismiss"). Doc. 125. As explained below, the United States does not anticipate requesting any additional time to respond to Burke's Third Motion to Dismiss beyond this filing. In support of this unopposed motion, the United States submits the following:

1.      On February 15, 2024, a federal grand jury returned an indictment charging Burke with conspiracy and related substantive violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(2)(C)) and the Wiretap Act (18 U.S.C. § 2511(1)(a) and (1)(c)). Doc. 1. Pertinent to Burke's Third Motion to Dismiss, Counts Eight through Twelve charge Burke with intentionally intercepting, and endeavoring to intercept, the contents of wire, oral, and electronic communications,

using a device, in violation of 18 U.S.C. § 2511(a)(1). Counts Thirteen and Fourteen charge Burke with intentionally disclosing, and endeavoring to disclose, the contents of wire, oral, and electronic communications knowing and having reason to know that the contents were obtained through unlawful interceptions, in violation of 18 U.S.C. § 2511(1)(c).

2. Burke filed his Third Motion to Dismiss on May 19, 2025. Burke's motion argues that, given this Court's determination that the exceptions listed in 18 U.S.C. § 2511(2)—more specifically, the exceptions for "consent" and "readily accessible to the general public" under § 2511(2)(d) and (g)(i), respectively—are affirmative defenses, the Wiretap Act is overbroad and permits an unconstitutional prosecution, primarily violating the Free Speech Clause of the First Amendment. *See* Doc. 125 at 5-10, and Doc. 128 at 3-5. The motion also raises other arguments concerning how the Wiretap Act applies to this case, particularly whether an audio-video stream contains "electronic communications," "wire communications," or both. *Id*.

3. This Court held a hearing on May 20, 2025, to discuss various matters, including Burke's Third Motion to Dismiss. During that hearing, this Court briefly addressed the contours of Burke's motion and identified additional issues that the United States should address in any response to that motion.

4. The Court entered an Order the following day, May 21, 2025, in which the Court reviewed case proceedings and addressed Burke's Third Motion to Dismiss, explaining: "Burke's arguments [in the Third Motion to Dismiss] raise

2

novel questions with potential wide-reaching impact." Doc. 128 at 4. The Court then invited amici curiae to submit briefing no later than June 27, 2025, on the following questions:

> (1) Whether a video that contains both a human voice and visual data transmitted over the internet is an electronic communication, a wire communication, or both, as defined by 18 U.S.C. § 2510.
>
> (2) Whether 18 U.S.C. § 2511(1)(a) prohibits a person watching a video on an internet streaming platform or visiting a public-facing webpage, without considering any of the statutory exceptions. If so, whether this interception would be deemed lawful by an exception in 18 U.S.C. § 2511, including whether such a viewer would have consent or would be a "party to the communication," *id*. § 2511(2)(d). If not, why not.
>
> (3) Whether, to avoid the chilling of protected activity, the Free Speech Clause of the First Amendment requires the government, in some cases, to allege in the indictment and to negate at trial a statutory exception to a criminal offense. Specifically, whether the Free Speech Clause requires the government to negate the "readily accessible" statutory exception for electronic communications, 18 U.S.C. § 2511(2)(g)(i), when prosecuting an intentional interception of an electronic communication, *id*. § 2511(1)(a), and the statutory exceptions for "consent" and "a party to the communication," *id*. § 2511(2)(d), when prosecuting an intentional interception of an electronic or wire communication, *id*. § 2511(1)(a).

*Id*. at 4-5.

  5. The United States has diligently been working to draft a response that thoroughly responds to the complex issues and novel questions presented by Burke's Third Motion to Dismiss and this Court's related inquiries. As a result of that effort, the United States believes in good faith that an appropriate response will potentially require an additional 10 pages and one additional week, or through June 23, 2025, to complete. This is due in significant part to the potential wide-reaching impact of any

order on Burke's motion, and this Office's efforts to coordinate its planned response with multiple Department of Justice components.

6. The United States has consulted with Burke's counsel, Michael Maddux and Mark Rasch, who do not object to the United States request for 10 additional pages and for a one-week extension of time to respond.

## MEMORANDUM IN SUPPORT

A motion for an extension of time is committed to the sound discretion of the Court. Thus, the Court, for cause shown, may at any time in its discretion order a period enlarged if a request is made prior to the expiration of the period originally prescribed. FED. R. CRIM. P. 45(b). This request is made prior to June 16, 2025, the present deadline to file a response to Burke's Third Motion to Dismiss.

This motion for an extension of time is made in good faith and not for the purpose of unnecessary delay. Rather, as explained above, the United States believes that the requested time is appropriate and necessary to fully consider and respond to the wide-reaching issues raised in Burke's Third Motion to Dismiss and to this Court's questions posed during the May 20, 2025 hearing and in the May 21, 2025 Order. Moreover, given the potential impact on any order on Burke's Motion, the undersigned is coordinating with multiple Department components, which often results in additional editing and/or drafting prior to filing. At present, it appears that the United States' response could require up to an additional 10 pages. ***The undersigned believes the United States can fully and appropriately respond to Burke's***

*Third Motion to Dismiss by June 23, 2025, and does not anticipate requesting any additional time beyond that in this filing*.

## CONCLUSION

WHEREFORE, the United States of America, moves for 10 additional pages and one additional week, or through June 23, 2025, to respond to *Defendant's Replacement Memorandum of Law in Support of Motion to Dismiss Counts 8, 9, 10, 11, 12, 13, and 14*. Doc. 125.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/ Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov


*/s/ Adam J. Duso*
Adam J. Duso
Assistant United States Attorney
Florida Bar No. 1026003
400 N. Tampa St., Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Email: adam.duso@usdoj.gov

U.S. v. Timothy Burke                              Case No. 8:24-cr-68-KKW-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michael P. Maddux, Esq.
    Mark D. Rasch, Esq.

                                                */s/ Jay G. Trezevant*
                                                Jay G. Trezevant
                                                Assistant United States Attorney