IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

UNITED STATES OF AMERICA,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)⠀Criminal Docket
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀vs⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀No. 8:24-cr-68-KKM-TGW-1
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
TIMOTHY BURKE,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀)
_____)

Transcript of Motion to Compel Hearing
Heard in Courtroom 12A
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602
September 2, 2025 - Tuesday
2:38 p.m. - 2:57 p.m.

BEFORE THE HONORABLE THOMAS G. WILSON

UNITED STATES MAGISTRATE JUDGE

LORI ANN CECIL VOLLMER, CSR, RPR
Federal Official Court Reporter
Sam M. Gibbons United States Courthouse
801 North Florida Avenue, Room 1221
Tampa, Florida 33602
Lori_CecilVollmer@flmd.uscourts.gov
(813) 301-5336

Proceedings transcribed via courtroom digital audio recording by a court reporter using computer-assisted transcription.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APPEARANCES

PRESENT ON BEHALF OF THE PLAINTIFF,
THE UNITED STATES OF AMERICA:

     MR. ADAM JOHN DUSO and
     MR. JAY G. TREZEVANT,
     UNITED STATES ATTORNEY'S OFFICE
     400 North Tampa Street
     Suite 3200
     Tampa, Florida 33602-4798
     (813) 274-6000
     adam.duso@usdoj.gov
     jay.trezevant@usdoj.gov

PRESENT ON BEHALF OF THE DEFENDANT,
TIMOTHY BURKE:

     MR. MICHAEL P. MADDUX,
     MICHAEL P. MADDUX, PA
     2102 West Cleveland Street
     Tampa, Florida 33606
     (813) 253-3363
     mmaddux@madduxattorneys.com

ALSO PRESENT:

Mr. Carl Young

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROCEEDINGS

(Open court.)

(Defendant present.)

(Court called to order.)

COURTROOM SECURITY OFFICER:  Please be seated.

THE COURT:  This is a proceeding in case number 8:24-cr-68-KKM-TGW, *United States versus Burke*.

In this case, the defendant has filed a motion for early production of documents pursuant to Rule 17(c) subpoenas.  I read the materials so you may proceed.

MR. MADDUX:  Yes.  Good afternoon, your Honor.

Michael Maddux representing Mr. Burke who is to my far left and with me is Carl Young.  He's been assisting in some of the review.

What I'd like to start off with first is some fundamental principals that I think apply to our subpoena request.

We are simply pursuing our fundamental Fifth, Sixth and Fourteenth Amendment rights to compel production of evidence in support of our defense.

Under the rule, 17(c), in cases like *United States versus Nixon*, the Court -- the Supreme Court has held that the right to subpoena relevant admissible evidence is a fundamental element of the due process of law.  And --

THE COURT:  Yeah.  The question is whether you

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

get it early.

MR. MADDUX:  Well --

THE COURT:  Right?

MR. MADDUX:  Yes.

THE COURT:  Not -- no one is saying you can't at some point get some of this stuff you're asking for and you're asking for a whole lot.

MR. MADDUX:  We are.

THE COURT:  Okay.

MR. MADDUX:  That supports a -- a number of the defenses and the complexities of the case that are still at issue in the pending motion to dismiss that hasn't been ruled.

What -- moving straight to your point is we're asking for early production permitted to save everybody and the Court time basically because if --

THE COURT:  Well, they object.  So you're not saving them any time.

MR. MADDUX:  Well, I think it would be in the sense that --

THE COURT:  Well, it is -- I've had these before and I've regularly denied them.

MR. MADDUX:  Yes.

THE COURT:  So, I mean, that's -- that's where I am because it doesn't -- it really doesn't save anybody's

time.  You may be advantaged by getting them early, but assuming that it's something that really is mat- -- important to your defense, then you can get them at an appropriate time.

MR. MADDUX:  Well, your Honor, the --

THE COURT:  Maybe and maybe you can't.

MR. MADDUX:  Well, that's the problem.  We can't effectively defend Mr. Burke if the types of information -- they've had all of his computers from the affidavit that's part of Doc 58 for a year and a half.  We've been getting parts -- we just got emails on -- at the end of last week that are relevant to our defenses about the use of credentials and demo passwords.

So we see that a law firm has filed an appearance making some objections.  All we're asking for is the right to issue the subpoenas --

THE COURT:  Really, you're asking for them early, right?

MR. MADDUX:  Well, yes, because it's before the trial, but if we were to get all of this before the doorstep of a trial, we wouldn't be --

THE COURT:  When -- when is the trial?

MR. MADDUX:  The trial isn't even set because --

THE COURT:  Okay.

MR. MADDUX:  -- Judge Mizelle continued the case

so that she could see what you ordered so that we could know how long it would take and advise her at the status conference coming up that we think we can work it out, work these objections.  We're willing to whittle it down.

Your Honor, if we got 100 pages of paper from all of this, we'd be happy.  We don't know the scope of everything that we're seeking, what does and doesn't exist, but we know we have significant defenses that involve some customs and policies and practices of these corporate victims, that if we don't get a chance to look at it, you can't reconcile that volume of documents on the doorstep of a complicated two-week trial.  And the parties have agreed that the trial, even whittled down, is going to take two weeks.

So if we don't get this work done and we share it, we -- we under- -- we give them what we are going to use, that will just make for a better trial process and you won't have to be involved because we're going to work it out with these big corporate attorneys whether or not we get it or not.

And if we have to come back, we have to come back. But hopefully, through dialogue, discussions, explanations, explaining how they've waived some of the privileges that they claim and we ask for unprivileged documents, but there's some complicated waiver things that we can't just work out at the doorstep of the courtroom.

And all we're ask- -- and that's why we -- we put

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

these together carefully with a tech team and tried to make it as relevant as possible.  And while they may say it's --

THE COURT:  You're asking for a whole lot of stuff.

MR. MADDUX:  We -- we are, but there's -- they've listed a whole lot of corporate victims that have a whole lot of information that they keep relevant to like FTP servers, how their demo pass codes work and we haven't been provided all of that information from the government because they're worried about their case, which is understandable, but we're worried about our case.

THE COURT:  I understand.

MR. MADDUX:  And so --

THE COURT:  And you want -- but you want this stuff early?

MR. MADDUX:  We -- we --

THE COURT:  That's -- that's a problem under Rule 17(c).

MR. MADDUX:  It -- it's really not because if the parties are -- the concept of inviting the Court is to explain why.  I think I'm explaining why we need it early because it would be impossible -- this isn't a Jinx statement where they give you two pages and we get an hour to go get ready.

THE COURT:  And I understand.

MR. MADDUX:  This is --

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE COURT:  But -- but the cases that have been cited by both sides -- just because you say, yeah, we need it and we need it now doesn't make it so.

Ordinarily -- ordinarily, you don't get much discovery anyway, right?  It's a criminal case, not a civil case.

MR. MADDUX:  That's -- that's true, but compulsory process is still part of the fundamental trial rights --

THE COURT:  And I understand that.

MR. MADDUX:  -- of Mr. Burke and that process shouldn't necessarily be limited just because the Court doesn't traditionally give it early.

We need this information to effect- -- this is a unique case with a lot of -- this whole idea of what constitutes unauthorized access has to do with whether or not the servers are readily accessible to the public.

That whole question right there invites a whole lot of technical data to the party about what do their servers do, how do they do it and we should be able to show that as a counter-narrative to, oh, he's just a hacker breaking into computers because there's a very different narrative when you look at their business practices and we can't possibly get that information in a reasonable amount of time without the assistance of the Court, but we should be able to whittle it all down.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

All we have to do, your Honor, is issue the subpoenas --

THE COURT:  Yeah.  But --

MR. MADDUX:  -- we -- we have --

THE COURT:  You're asking not only for it early, you're asking for a whole lot.

MR. MADDUX:  Right, but we also -- we're ask- -- we're -- we're not intending to involve the Court in much.

THE COURT:  Well, but I -- oh, no?  Guess what?  I'm going to be right in the middle of it because they're going to be objecting or somebody else might be objecting to the broad request.

MR. MADDUX:  It -- it's true --

THE COURT:  And that puts me right in the middle of it.  I get in the middle of these things all the time.  Typically, it's a civil case, not a criminal case.  But that's because there's more discovery available in a civil case.

MR. MADDUX:  I -- I understand.  But, like, if you go to Paragraph 35 of Doc 58, which is the affidavit, the chief technical officer that they relied on for this investigation, crea- -- they created a report.  Their lawyers asked for a report to be made and they provided it to the government waiving their privilege and we need the background of that report, not the simple lawyer summary.  And they even

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

have admitted that there was an error in how they used the developer tools.

THE COURT:  Okay.  What I'm focusing on right now is not in the specifics.

MR. MADDUX:  Okay.

THE COURT:  I'm -- because that could be a different issue.

MR. MADDUX:  Okay.

THE COURT:  What I'm focusing on is this early production that they object to and --

MR. MADDUX:  Well --

THE COURT:  -- in which ordinarily you don't get under Rule 17(c).

MR. MADDUX:  I think that their objections are more about the scope than anything, not the early.  I don't know that the -- and I will let the government speak that their object- --

THE COURT:  But that -- what was in -- the motion before me is for compelling early production of documents.  So that was -- my focus is the early production.

MR. MADDUX:  But I think their focus is more that you shouldn't get all of this and that's what we would work out with the third parties.

THE COURT:  Well, but that's not what is presented to me.

What was presented was the issue of early production.  Both sides have briefed that.

MR. MADDUX:  Right.  And your --

THE COURT:  And so I'm -- I'm not at this point in -- in a position to rule on what you could get and what you can't get because that hasn't been really presented in -- in a full manner.

MR. MADDUX:  We -- we provided all the subpoenas we were seeking to provide --

THE COURT:  Well, I know.  And it's got all kinds of stuff.

MR. MADDUX:  We would move in camera if the Court wants to discuss --

THE COURT:  No.  I'm not doing in camera stuff.  I was told that a long time ago.

MR. MADDUX:  But we would ask -- we could --

THE COURT:  That's a waste of time.

MR. MADDUX:  We don't want to reveal all of our defenses, but --

THE COURT:  Well, and you may be -- maybe I'll do it that way, but at this point, what was before me is the early production.

MR. MADDUX:  Well --

THE COURT:  That's all that was raised.

MR. MADDUX:  So, your Honor --

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE COURT:  And that's what I considered.

MR. MADDUX:  Okay.

THE COURT:  And I'm aware under 17(c), you ordinarily don't get early production.

MR. MADDUX:  Well, I think for purposes of judicial economy and the unique facts of this case, it should be ordered.  Judge Mizelle is literally waiting to see what you rule so she can decide how long it will take for these subpoenas to be worked out.  That's what she said at status.

So if we're not going to get to work the subpoenas out and we're just going to have to wait until when?  At what point -- why should we have to wait?  The Court is waiting to try our case.  We're saying we needed another continuance so we could get the subpoenaed material and have an adequate defense.  So --

THE COURT:  But I don't even know what the -- the specific disagreements are as to the various items that are being subpoenaed.

MR. MADDUX:  Well, and that's another issue.

The government, under 17(c)(3), doesn't have standing to object.  It's the people that we serve.  So let us just serve the subpoenas, let them object, let us do our process of whittling out.

THE COURT:  Well, the government's objecting

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

because they're -- the -- the party moving in this case.

MR. MADDUX: Right.

THE COURT: So they certainly have standing to complain about it.

MR. MADDUX: That -- that actually they lack because it's not a personal right or privilege and I think their own pleadings admit they're maybe sort of vicariously objecting for the victims who have now filed something at 5:00 o'clock on Friday, but they haven't even been served so they --

THE COURT: Did somebody file something?

MR. MADDUX: They filed something on Friday, an objection.

THE COURT: Who did?

MR. MADDUX: The government on behalf of the victims.

THE COURT: Okay.

MR. MADDUX: So my -- we haven't had a chance to work that out and all --

THE COURT: Last Friday, late Friday?

MR. MADDUX: It -- it wasn't a late filing, I don't think. It met the --

THE COURT: Well, I didn't see it.

MR. MADDUX: Okay. Well, but what I would say is all of that is for us to work out without wasting your time,

but we need to issue the subpoenas.

But their objection now is premature because they haven't even been --

THE COURT:  Their objection is you're asking for early disclosure of it.

MR. MADDUX:  Okay.

THE COURT:  Because that's what the motion identified.

MR. MADDUX:  Correct.

THE COURT:  And they say you are not entitled to early disclosure of this stuff.  So that's -- that was the objection and that's what your motion -- your motion is labeled "Defendant Timothy Burke's Motion for Rule 17 Subpoenas to Compel Early Production of Documents."

MR. MADDUX:  Well --

THE COURT:  And so that's what I focused on was whether you're entitled to early production.

And my conclusion is, because I've had it before, no, you're not entitled to early production.  Whether you're entitled to some production is a different issue than whether it's early or not.

MR. MADDUX:  Well, we -- the word "early" perhaps is a misnomer in the sense that --

THE COURT:  Well, but I don't care -- well, that's what's in your motion.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MR. MADDUX:  That's fine.

THE COURT:  That's what it's called.

MR. MADDUX:  I understand, but --

THE COURT:  So -- so I'll deny that motion and you can file another motion.

MR. MADDUX:  But we need the materials, your Honor. We're here to discuss that we need the materials.  Whether it's now or later, when would be the time the Court would set it so we could issue these subpoenas, 30 days before trial?

THE COURT:  Well, you might not get the -- you're probably not going to get to issue all of those subpoenas because they're really broad.

MR. MADDUX:  Right.  And I understand, but we -- that's -- the point is the rule specifically says when victims are served -- and these corporate victims, they can move to quash or modify or otherwise object.  That process can take place now if you'd just allow us to issue the subpoenas.

THE COURT:  I know -- after you get all the stuff?

MR. MADDUX:  No, no.  We would -- we would narrow it down.  Like, they don't -- I don't want a motion to quash, your Honor, on the case.  I want to work it out.

If for some reason we can't work it out with these corporate people, these big law firms that are used to this

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

stuff, then we'll come back to you with a narrow path of what the issue is because all of this -- everything we're asking for is not relevant.

And under *Nixon*, we're entitled to it, but if they have a reason --

THE COURT:  You're not entitled to everything.

MR. MADDUX:  Not everything, but we'll work it out with them and then we'll --

THE COURT:  Who?  With the corporations?

MR. MADDUX:  Yes.  The counsel -- because on Friday, a corporate counsel, Sean Hecker out of Hecker Fink LLP in New York filed a bunch of concerns.  Let us go work it out, but that's premature because we haven't even served them with a subpoena yet.  They just know because they're talking to the feds and we should be allowed to talk to --

THE COURT:  Well, that's not going to happen --

MR. MADDUX:  -- these other parties.

THE COURT:  -- this way.  The motion that's before me was for early production.

MR. MADDUX:  Okay.

THE COURT:  That's going to be denied.

MR. MADDUX:  Okay.  So then, your Honor, could you tell us when we could have the production?

THE COURT:  No.  You can file a motion that doesn't ask for early production and then I'll consider it.  So you --

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

you mislabeled your motion.  I'm denying that.  And then you can proceed accordingly.

MR. MADDUX:  Your Honor, I -- I think a good point is that that was only titled that way because at the time we filed it, we had a trial date set certain, September the 8th.

THE COURT:  I don't care why it was labeled that way.  That's what the parties briefed and discussed and that's what I focused on was whether you get early production.  The answer is no.  I've had that before and denied it like before.

MR. MADDUX:  But this is not before, your Honor. This is now.  And if for --

THE COURT:  Okay.  Then I need a better motion.

MR. MADDUX:  Okay.  Well, we'll file something different knowing that all of these issues have been lingering for a while and --

THE COURT:  But none of them have been really set out in the memoranda.

MR. MADDUX:  Okay.  We will re-file some of our pleadings and get ready, but we're asking for the Court to at least allow us to issue the subpoenas so that we can have --

THE COURT:  No.  Huh-huh, no.  If you issue the subpoenas, some people are going to respond to them.

MR. MADDUX:  Right.

THE COURT:  The government is objecting to the issue in some of the subpoenas.

MR. MADDUX:  Well, again, we -- our position is they don't have standing to object to the subpoen- --

THE COURT:  And my position is yes, they do. They're the party bringing this lawsuit.

MR. MADDUX:  No, the victims are the ones that have standing, your Honor, and they're bringing it --

THE COURT:  Well, they might have standing also.

MR. MADDUX:  The --

THE COURT:  But the government is the one on the other side of this case.

MR. MADDUX:  Correct.  But, I -- I mean, I would ask the government to respond if they think they have a replete power to object to all of these subpoenas because I don't think the rule gives them that and I think they would even agree with that, your Honor.

THE COURT:  They what?

MR. MADDUX:  They do not have full plenary power to object to every subpoena.  And, in fact, they just objected on scope because when they objected, they said, oh, well, you didn't tell us everything you were trying to get.  That's a part -- that part --

THE COURT:  Listen, I can -- this comes up all

the time usually in civil cases.  This is a criminal case in which there is a narrower range of discovery.  So -- and in the civil cases, I knock down a whole lot of stuff that's way too broad.  So -- so that's -- that's where we are.  The motion was for early disclosure.  That's being denied.

MR. MADDUX:  Okay.  Could we orally --

THE COURT:  And then you can proceed accordingly.

MR. MADDUX:  Can we orally modify it to some disclosure at some point and pick a date, please?  I mean, we need to set a trial date and these subpoenas are --

THE COURT:  Why?

MR. MADDUX:  If they don't get issued, how can we be ready for a trial that's coming up?

THE COURT:  Well, it isn't coming up yet.

MR. MADDUX:  She set it twice and moved it twice and said she's not going to continue it again and on the 16th, her Honor said I need to know what the deal is with these subpoenas and how long it's --

THE COURT:  Okay.

MR. MADDUX:  -- going to take you --

THE COURT:  Okay.  At this point the deal is --

MR. MADDUX:  -- to get this information.

THE COURT:  -- they're not going to be issued until, first of all, the request for early production is

denied and then you -- you can file your request for subpoenas and -- and identify any more. You had done that. You've got a whole lot of stuff that you're asking for.

MR. MADDUX: Yes, at 164, correct.

THE COURT: And they can object to this stuff and then we can discuss it. That's how I see it going.

MR. MADDUX: Okay. Can we do any of that today, your Honor?

THE COURT: No.

MR. MADDUX: Okay. Thank you.

THE COURT: No. Because what was presented to me was simply early production and that's what I looked at. So --

MR. MADDUX: And I'm assuming your ruling is without prejudice to re-file and --

THE COURT: Yeah, sure.

MR. MADDUX: Okay. All right. Thank you, your Honor.

THE COURT: All right.

You guys want to say anything or indicate that you're here?

MR. DUSO: No, your Honor.

THE COURT: Okay. That -- that's an appropriate and a wise move.

All right. The court will be in recess.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COURT SECURITY OFFICER:  All rise.

(Whereupon, the Court adjourned

at 2:57 p.m.)

--ooOoo--

UNITED STATES DISTRICT COURT   )

                               )

MIDDLE DISTRICT OF FLORIDA     )


                    REPORTER TRANSCRIPT CERTIFICATE


          I, LORI ANN CECIL VOLLMER, Official Court Reporter for the United States District Court, Middle District of Florida, certify pursuant to Section 753, Title 28, United States Code, that the foregoing transcript is a true and correct transcription of the stenographic notes taken by the undersigned in the above-entitled matter, Pages 1 through 21, and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States of America.  I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys to this action, nor financially interested in this action.

          IN WITNESS WHEREOF, I have set my hand at Tampa, Florida, this 8th day of September 2025.


                    /s/ Lori Ann Cecil Vollmer

                    Lori Ann Cecil Vollmer, CSR, RPR
                    United States Court Reporter


                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION